1836.

In the matter of Murray.

---

### In the matter of MURRAY, assignee of the Commercial Insurance Company.

The rules established under the English bankrupt laws, that interest is not allowable after the date of the commission, and that no interest can be allowed except where it is given by the express terms of the contract, are not applicable to the case of an assignment for the benefit of creditors under the insolvent laws of this state.

In making the distribution of the effects of the insolvent debtor or company among the several creditors, under the insolvent laws, debts on which interest is recoverable by way of damages, and those upon which interest is payable by the terms of the contract, should be placed upon the same footing, in the computation of interest, for the purpose of making a rateable distribution of the assets among the creditors.

In making distribution of the estate of the insolvent among his creditors, the interest on all debts upon which interest is recoverable should be computed up to the time of the assignment, and the interest should be discounted on such of the debts not then due as are not on interest, and the dividend should then be declared on the several amounts as thus ascertained. And where the whole amount is not paid at the date of the assignment, if assets afterwards come to the hands of the assignee more than sufficient to pay the several amounts as thus ascertained, interest should be computed on such amounts from the date of the assignment, so as to give each creditor a rateable proportion of the fund towards the interest of his debt.

October 18.

THE petitioner, together with two other persons now deceased, were appointed by a former chancellor assignees of the Commercial Insurance Company of New-York, under the provisions of the act of April, 1814, respecting incorporated insurance companies in cases of their insolvency. The effects of the company at the time of the assignment were not sufficient to pay the principal of the debts due to its creditors ; but in consequence of the receipt by the as-

signee of large amounts under the late Neapolitan and French treaties, the effects now realized were sufficient to pay the whole of the principal, and a considerable part of the interest of the debts of the company if any interest was payable, under the act. The petitioner therefore applied for leave to make a further dividend among the creditors of the insolvent company, and he asked the direction of the chancellor as to the payment of interest upon the debts.

*J. L. Mason*, for the petitioner.

THE CHANCELLOR. The court has been referred to the cases decided in England, under their bankrupt laws, where it has been held that the creditors of the bankrupt, under a commission of bankruptcy, could prove for the interest of their debts only in those cases where interest was payable by the terms of the contract; that they could not prove for interest where it was only given by a court or jury as damages for the detention of a debt, as upon a bill of exchange or note not upon interest but which was not paid when it became due; (*Ex parte Marler*, 1 *Atk.* 151. *Ex parte Champion*, 3 *Bro. C. C.* 436;) and that interest cannot be proved beyond the date of the commission. These cases under the English bankrupt laws are the result of a principle established at an early day in that country, before the present liberal and equitable doctrines in relation to interest, as between debtor and creditor, were fully recognized and settled; and they cannot, therefore, be considered as proper rules for the guidance of our courts in establishing the principles upon which the distribution of the effects of an insolvent debtor shall be made under the provisions of the insolvent laws of this state. Equality among creditors is equity; and where interest is recoverable either upon the express agreement of the parties or as legal damages, for the non-payment of the debt when it should have been paid, the creditors are all entitled to participate in the distribution of the fund, rateably, in proportion to the amount due to them respectively for principal and interest up to the date of the assignment. In settling the *tableau* of distribution,

therefore, the interest upon those debts which bear interest, or upon which it is recoverable as damages, upon settled legal principles, should be computed to that time ; and if any debts are not then due, and which are not upon interest, a proper discount should be made. As to subsequent interest, if the debts are not paid at that time, and the fund which is afterwards realized by the assignee is more than sufficient to pay the amount thus found due at the time of the assignment, the interest on all the debts subsequent to the assignment should be paid rateably out of the surplus. I know of no principle, either legal or equitable, which can deprive the creditors of the full amount due to them respectively, including the interest to the time of payment, or so far as the fund will go. The payment of subsequent interest upon those debts which originally drew interest by the agreement of the parties, was allowed even under the bankrupt laws after the principal debts proved under the commission had been fully paid. (1 *Deacon's Law of Bank.* 269.)

An order must therefore be entered directing the assignee to make a distribution of the fund in his hands, among the creditors, upon the principles above stated ; computing the interest on policies from the time when the loss became payable according to the terms of the policy, and upon judgments recovered against the insolvent company from the dates or times of rendering such judgments. The distribution of the fund already realized to be made as soon as practicable, upon a notice of three weeks, to be published in a paper in New-York and in the state paper ; and a further dividend to be made, on the like notice, upon the receipt of the residue of the fund.