---

## Case No. 14,111.

In re TOWN et al.

[8 N. B. R. 38.] [1]

District Court, E. D. Michigan. 1873.

CONTRACTS — NOTES — ILLEGAL CONSIDERATION — LIQUOR SALE — BRINGING ORIGINAL PACKAGES INTO STATE — SALE IN STATE — CONSTITUTIONAL LAW.

A note was given in settlement of a balance due upon a previous account for spirituous and intoxicating liquors, part of the consideration of which was based upon the sale of liquors in original packages. There was also another note given for liquors bought in Massachusetts. *Held*, that as to the part of the first note which was based upon the sale of liquors in original packages, it was not in violation of the laws of Michigan and was valid: but as to the balance, there was nothing to take it out of the statutes of the state prohibiting the sale of spirituous and intoxicating liquors.

[In the matter of Richard, Mary, and S. R. Town, bankrupts.]

The question decided, arose on the certificate of Register Hovey K. Clarke, of issues of law and fact relative to the claim of Messrs. George W. Torrey & Co., of Boston, Mass. These creditors proved and filed with the register their account, claiming as due to them from the estate of said bankrupts a balance of about four hundred and forty-nine dollars, a portion of which was founded upon a note for one hundred and seventy-four dollars and sixty-two cents, and the balance upon an open account in part for spiritous liquors. A note was given in settlement of a balance due upon a previous account for spirituous and intoxicating liquors, a portion of which was sold and delivered in the original imported packages. But nothing was made to appear as to the manner and place of sale of the balance of the liquors for which the note was given.

[See Case No. 14,112.]

---

## Case No. 14,112.

In re TOWN et al.

[8 N. B. R. 40.] [1]

District Court, E. D. Michigan. 1873.

BANKRUPTCY—SURPLUS—INTEREST.

1. Where there is a surplus in the hands of the assignee after paying the creditors of a bankrupt it should be applied to the payment of interest, to be computed from the date of the adjudication.

2. In re Haake [Case No. 5,883], commented upon and concurred in.

[In the matter of Richard, Mary, and S. R. Town, bankrupts.]

In this case the register certified that the assignee's final report exhibits a balance of one thousand nine hundred and ninety dollars for distribution, and that the debts proved, with interest to March 5, 1869, the date of commencement of proceedings, amounted to one thousand seven hundred and fifty-one dollars and twelve cents, leaving a balance of two hundred and thirty-eight dollars and eighty-eight cents, which sum the assignee, on behalf of the proving creditors, claims should be applied to the reduction of interest on their claims since the date of computation. It is claimed on behalf of Root & Midler, parties deriving their right from the bankrupts, that this surplus should be paid to them, and the question arises whether interest can be allowed on claims proved against an estate in bankruptcy after the date of adjudication. On this question the register gives the following opinion:

By HOVEY K. CLARKE, Register:

The right of creditors to interest upon overdue claims is so well established, that the onus of showing an exception to this right is clearly upon the party asserting it. So much I feel at liberty to assume. The exception sought to be established is, that in bankruptcy, such a change is wrought in the nature or effect of the obligation, that at the point of adjudication the value of the claim is fixed, and that from this period, however long the actual payment may be delayed, or ample the fund for full payment, no interest can be added. In support of this proposition I am referred to In re Haake [Case No. 5,883], decided by Hoffman, J. The judge is reported as saying: "By the nineteenth section of the bankrupt act [of 1867 (14 Stat. 525)] all debts due and payable from the bankrupt at the time of the adjudication may be proved against his estate. It is obvious that interest which accrues subsequently is not a debt due and payable at the time of the adjudication. Debts which do not bear interest, and which, though existing at the time of the adjudication, are payable at a future day, are, also, by the same section, allowed to be proved, but subject to a rebate of interest for the period between the time of the adjudication and the date of their maturity. By these provisions both classes of creditors are put on an equal footing, and the intention of the act to establish the date of the adjudication as the time at which the liability is to be ascertained and determined, is made manifest."

I have quoted this in full because it does not strike me as an accurate statement of the law, and an error here may be important. It will be observed that the two classes of creditors which are recognized are: (1) Those whose debts are existing and due at the time of adjudication; and (2) those whose debts are existing but not due at the time of adjudication, and are not bearing interest. On this classification of debts as the only provable debts, the conclusion in Haake's Case is founded. But in this classification it will be seen no place is found for debts existing and not due, but which do bear interest. It would be extraordinary indeed if this class of debts was not provable; but such would be the result if the classification in Haake's Case were an accurate one. It needs but a careful examination of the statute to see that a more accurate classification of debts provided for in section 19 would be: (1) Debts due at the time of adjudication. (2) "Debts then existing, but not payable until a future day." These last words quoted from the act are followed by a qualification requiring a rebate of interest in the case of debts not then due, the effect of which is, obviously, to subdivide this second class of debts, payable at a future day, into those bearing interest and those not bearing interest. Is there no difference, then, between debts bearing interest and those not? Is the estate, or rather are other creditors to have the benefit of a rebate of interest, when no interest was contracted for, and is an essential item in a contract for the payment of a sum of money and interest, to be arbitrarily stricken out? If so, why? It will certainly strike the business community with surprise to be told that an agreement in a promissory note, for instance, to pay interest, is not as much a part of the obligation as the agreement to pay the principal; or that his right to interest on an open account for merchandise after it has become due is not as well established as his right to recover the price of the goods. Of course, in a case where there is not sufficient to pay all debts in full, as are most of the cases in bankruptcy, it matters little to what particular time interest is added or rebated, provided that the relative value of each is fixed, as of a given day, in order to furnish a basis for an equitable distribution.

Hoffman, J., in his opinion in Re Haake [supra], cites several cases which show that to the facts of this case the one before him was not applicable, or, at any rate, the cases he cites are in opposition to the doctrine contended for in this. For instance, it was held, in Brown v. Lamb, 6 Metc. [Mass.] 210, that "subsequently accruing interest could only be paid out of any surplus remaining after satisfying all debts proved." So in New York (Ex parte Murray, 6 Paige, 204), and in New Jersey (Prichett v. Newbold, Saxt. [1 N. J. Eq.] 572). It thus appears, I think, that the Massachusetts, New York and New Jersey cases are certainly in favor of allowing interest accruing subsequently to the bankruptcy, after the debt as proved and computed to that date has been satisfied. It is added, however, that "under the English bankrupt laws, interest was not

allowed to be computed in any case of an insolvent estate after the commission;" and the reason given for this is that it is a "dead fund, and in such a shipwreck, if there is a salvage of part to each person on the general loss, it is as much as can be expected." All of which is well enough and true enough when said of insolvent estates, in the sense here evidently intended,—an estate of which a "salvage" of a part only is to be expected; or an estate the assets of which are not sufficient to pay all claims in full. But that is not this case; and it is to be remembered, moreover, that insolvency is not a necessary element in many of the cases, where, under our act, an adjudication of bankruptcy may be made. An allegation of insolvency is necessary in only one of the nine acts of bankruptcy as specified in section thirty-nine. Eight of these nine acts of bankruptcy contemplate acts of fraud, none of which are inconsistent with ample means to pay all debts in full; two of such acts were alleged as the ground for the adjudication in this case. To conclude from the reasoning of the English cases about a "dead fund," that the commencement of proceeding under our act against a fraudulent debtor, who has ample means to pay his debts, principal and interest, stops all thereafter accruing interest, must, I think, be regarded as inadmissible.

It is scarcely possible to avoid the conclusion that, notwithstanding the disclaimer of Hoffman, J., when reading his opinion, the unconscionable character of the contract before him, calling for interest at two per cent. a month, to be compounded monthly, a rate which had been running over two years, had too much influence in determining that case to make it a satisfactory one in which to look for principles to govern a case where creditors have been delayed nearly three years by active litigation, and now ask that out of a fund that must otherwise go back to the bankrupts, or to parties claiming under them, they may be allowed interest at the rate of seven per cent. I am, therefore, of the opinion that the balance in the hands of the assignee should be applied to the payment of interest, to be computed on the claims proved, from the date of the adjudication.

LONGYEAR, District Judge. I do not think the foregoing opinion of the register necessarily conflicts with the opinion of Hoffman, J., in Re Haake [Case No. 5,883]. In that case it does not appear there was a surplus. As applicable to such a case, I am inclined to concur in Judge Hoffman's views. But where there is a surplus, as in the present case, I think the foregoing decision of the register is fully sustained by the adjudicated cases, cited by him, as well as on principle. The decision of the register is therefore hereby approved.

