---

## N. Y. COMMON PLEAS.

In the Matter of the accounting of WILLIAM D. SHIPMAN, as: assignee of DUNCAN, SHERMAN & Co.

*Assignment by a firm of copartnership and individual estate —Rights of individual creditor where the individual estate of one partner is more than sufficient to pay his individual debts.*

Where the members of a firm make an assignment, for the benefit of, their creditors, of their individual and copartnership estate, and the individual estate of one of the copartners is more than sufficient to pay his individual indebtedness, the individual creditor has the right to, claim his debt and the damages, by way of interest, which he has sustained by reason of non-payment at maturity, up to the time of the distribution.

*General Term, May,* 1881.

*Before* DALY, *C. J.,* J. F. DALY *and* VAN BRUNT, *JJ.*

*Francis L. Stetson*, for appellant.

*James H. Fay*, for respondent.

VAN BRUNT, *J.* — Mr. James H. Fay and Mr. Sidney P. Slater, as executors of the last will and testament of Edward E. Dunbar, deceased, held a bond made by William B. Duncan, a member of the firm of Duncan, Sherman & Co., which in December, 1877, was past due and unpaid.

This bond bore date on the 14th day of June, 1871, and was payable on the 14th day of June, 1872, and the amount secured to be paid was $7,300 and the interest thereon. Such interest was paid up to the 14th day of June, 1878, and a part of the principal, leaving the sum of $2,473.34 of principal due.

In 1875, the firm of Duncan, Sherman & Co. made an assignment, for the benefit of its creditors, of their individual and copartnership estate to William D. Shipman.

The individual estate of Wm. B. Duncan was more than sufficient to pay his individual indebtedness, and the assignment provided that the assignee should convert the assigned estate into cash, and after the payment of expenses, to pay and " distribute the residue of the proceeds to and among the creditors of the firm and to and among the creditors of the respective individuals constituting the firm, according to law in such case made and provided, so that each of said classes of creditors — to wit, the creditors of the said firm and the creditors of the individual members thereof — shall receive as such classes, and respectively, from that part of such proceeds of all and singular the assigned premises in which, by law, they are respectively, as classes and individuals, entitled to share their due and ratable proportion according to law."

On the 18th of December, 1878, the said executors presented their claims to the assignee, who refused to pay anything more than the principal due upon said bond.

Upon the coming in of the assignee's accounts, after the return of the citation, the court made a decree that the

assignee should pay the principal and interest to the time of distribution, upon said bond, and from this portion of the decree or judgment this appeal is taken.

I am entirely unable to see upon what principle individual creditors of William B. Duncan can be deprived of their right to recover the whole amount of damage which they have sustained by reason of his breach of contract to pay his individual debts when due.

It is conceded that his individual estate is and was amply sufficient to meet the whole of his individual liabilities, and it is also conceded that he has placed that estate, by virtue of the assignment, out of the reach of his individual creditors, and they were prevented from collecting the same by the ordinary process of law; and it is claimed that the delay which has been caused by the act of Mr. William B. Duncan in making the assignment which he has done, shall operate to the benefit of the copartnership creditors and to the detriment of the individual creditors.

The cases which have been cited from England, and also those in the state of Massachusetts, and also in the federal courts of this state, seem to rest upon the peculiar provisions of the bankrupt laws in force and under consideration by the courts respectively which decided the cases cited. There is no provision of the law of the state of New York regulating this question; and by the terms of the assignment itself it would seem that the rights of individual creditors were recognized, and that the provision of the assignment seems to be that those individual creditors shall be satisfied in full before any portion of the individual estate shall be devoted to the payment of copartnership debts. All that the assignors have the right to transfer to their copartnership creditors of their individual property is the surplus that would be returned to them by the assignee after the payment of their individual debts, in case each of the partners had simply made a separate assignment of their individual estate for the benefit of their individual creditors.

Now, I do not think it could be claimed for a moment that where an individual had made an assignment of his individual property for the payment of his individual debts, believing himself to be insolvent, and it subsequently turned out that his estate was entirely solvent, but what his creditors would have the right to collect interest up to the time of distribution, and that he could not claim that they should only be paid up to the time of the assignment and that the excess should be returned to him.

The right of the individual to apply by means of an assignment only such part of his individual estate to the payment of copartnership debts as may remain over after the payment of his individual debts, being a transfer of that which would be returned to him in case he had made an individual assignment only, seems to show that the individual creditor has the right to claim his debts and the damages, by way of interest, which he has sustained by reason of non-payment at maturity, up to the time of distribution. The injustice of any other rule, it seems to me, is clearly manifest. The rights of the individual creditor would be delayed, and he would necessarily have to contribute to the increase of the fund which was to go to pay the copartnership creditors. There does not seem to be any equity in any such rule, and it cannot prevail unless we are compelled so to hold by some definite and controlling authority on the subject.

It is urged by the counsel for the appellant that the case of *Ex parte Murray* (6 *Paige*, 204) is not an authority in point. An examination of that case shows that the principle involved in the illustration which I have heretofore made use of received the entire sanction of the court in that case.

It is claimed that the decision of that case is not an authority because there was no voluntary assignment, no contract between assignor and assignee, and no express trust; that there was no question between one class of creditors and another, but it was a question only between one trustee and another, for if the surplus had returned to the corporation it

would have held it in trust for the creditors ; and that is precisely the condition of affairs in case of a solvent individual estate and an insolvent copartnership estate.

The assignee of the individual estate holds it in trust for the individual creditors, and the only interest which he has in the individual estate is in the surplus after the complete satisfaction of the individual debts.

In other words, as I have above said, all that the assignee gets is that which would be returned to the individual assignor, if there were no copartnership creditors.

I am of the opinion, therefore, that the order appealed from directing the payment of the individual creditors in full, with interest to the time of distribution, was entirely correct, and the order must be affirmed, with costs.

