In the Matter of the General Assignment for the Benefit of Creditors of S. FELDMAN & Co., INC., to DAVID HIRSCH, Appellant. ART HAT BLOCK CO., INC., Respondent.

First Department, March 10, 1933.

*Allan D. Emil*, for the motion.

*Jacob N. Broudy*, appearing in opposition.

MARTIN, J. The Art Hat Block Co., Inc., judgment creditor herein, obtained a judgment for the sum of eighty-five dollars and fifty cents on June 10, 1932, against S. Feldman & Co., Inc., assignor.

Prior to that date the assignor gave the attorney for the judgment creditor a check for the sum of seventy-five dollars and twenty-five cents in payment of the merchandise. The check was returned because drawn against uncollected deposits. The assignor then requested that the check be redeposited and it was again returned for the same reason. Another check for one dollar and forty-five cents was also returned marked " account short." The judgment above referred to was then obtained and an execution issued to a marshal on June 13, 1932.

On June 15, 1932, the marshal levied against the property of the judgment debtor and noticed the property for sale on June 21, 1932. The judgment creditor was then notified by an attorney that an assignment for the benefit of creditors was outstanding prior to the levy having been made on June 13, 1932.

On June 30, 1932, the judgment creditor, as a means of protection in case his levy should fail, executed a proof of claim in the sum of seventy-five dollars and twenty-five cents and filed it with the assignee on July 8, 1932. The judgment creditor then secured a court order directing the assignee to turn over to the marshal the proceeds derived from the sale of the assignor's property not exceeding eighty-five dollars and fifty cents.

The appellant contends that the title to all property of the assignor vested in the assignee upon the delivery of the assignment, and was not thereafter subject to execution; that the respondent having filed its proof of claim with the assignee, waived the right, if any, to proceed to enforce this judgment by execution.

The respondent contends that the assignee for the benefit of creditors takes subject to the rights of a judgment creditor who has made a levy prior to actual or constructive notice of the assignment; that a creditor's right to proceed on a judgment is not defeated by the fact that he has filed his proof of claim with the debtor's assignee. The court at Special Term assumed that the levy took precedence over the assignment and ordered the assignee to pay the amount thereof.

On the acceptance of the trust by the assignee, title to all property, real and personal, vested in the assignee, in trust for the creditors. Title does not remain in the assignor, nor in abeyance awaiting the giving of security by the assignee as required by statute, or the performance of any condition subsequent to the assignment. (*Brennan* v. *Willson*, 71 N. Y. 502.)

The Court of Appeals, in *Warner* v. *Jaffray* (96 N. Y. 248) held that the assignee took title from the time of the making and delivery of the assignment.

In *Nicoll* v. *Spowers* (105 N. Y. 1) it was held that the assignment did not take effect until it was recorded in the proper county; that when that was done it took effect by relation from the time of its delivery, and should be held to have passed the title to the property before any title thereto vested in the receiver.

This court, in *Matter of Berman* (173 App. Div. 689), following the above cases, held that the failure of an assignee to record the assignment and give a bond may furnish sufficient reason for his removal and in such case it is the duty of the court to appoint another assignee, but until the assignee was removed title remained in him.

In this case it is contended that the assignment was made in good faith and for a lawful purpose. It is conceded that it was made and delivered on the 13th day of June, 1932, and recorded on June 16, 1932, three days after the assignment was made and delivered. The title, therefore, to the property was in the assignee and the attempted levy was ineffective. While it appears to be true, as stated by respondent, that there are several Special Term decisions holding that, under the circumstances disclosed, such a levy as here made takes precedence, the law seems to be well settled in this State, and especially in this judicial department that such a levy is not valid or enforcible against the property in the possession of the assignee.

The motion for reargument should be granted, and such reargument having been had the order appealed from which directed the assignee to turn the sum of eighty-five dollars and fifty cents over to the marshal should be reversed, with twenty dollars costs and disbursements, the motion denied, and the order of this court entered herein on January 13, 1933, vacated.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Motion for reargument granted, order reversed, with twenty dollars costs and disbursements to the appellant, and motion for order directing assignee to turn over money denied.