In the Matter of the General Assignment for the Benefit of Creditors of PAVONE TEXTILE CORP., Assignor, to HAROLD BLOOM, Assignee.

Supreme Court, Special Term, New York County, July 19, 1949.

*Gustave A. de Lemos* for assignee.

*John F. X. McGohey, United States Attorney for the Southern District of New York* (*Clarke S. Ryan* of counsel), for United States of America, objector.

EDER, J. This proceeding, a general assignment for the benefit of creditors, was instituted pursuant to the provisions of article 2 of the Debtor and Creditor Law.

The assignee filed his final account and report and applied for an order settling and allowing the same. A referee was designated to take and state the account, hear any and all objections thereto and take proof of all services rendered and report with his opinion thereon. The referee has made and filed his report containing divers recommendations.

On motion to confirm the report objection is entered by the United States on claims for taxes, it being the contention of the objector that the referee erred on the question of interest, that is, in allowing interest on the claims only to the date of the making of the assignment and in refusing to allow interest on the claims beyond the date of the assignment. It is therefore urged that the report be disapproved insofar as it denies interest on said claims accruing after the date of the assignment, and that interest be allowed thereon until the date of payment.

The referee in making the ruling relied on *City of New York* v. *Saper* (336 U. S. 328). That case arose in a bankruptcy proceeding under the National Bankruptcy Act and involved a construction of that statute with respect to the right of the United States to claim and receive interest on tax claims to the date of payment. It was there held that no provision of law permits postbankruptcy interest on tax claims and that they are to be treated the same as other debts and that tax claims against a bankrupt bear interest only until the date of bankruptcy, i. e., the date of the filing of the petition, and not until payment.

Objector contends, as I comprehend it, that the ruling in the *Saper* case (*supra*) is inapplicable and is not controlling here for the reason that it involved a construction of the National Bankruptcy Act, whereas a general assignment for the benefit

of creditors is a nonbankruptcy proceeding, a special proceeding under State law.

Of course, in the strict sense, a general assignment for the benefit of creditors is not a bankruptcy proceeding for it lacks a fundamental factor of such a proceeding, namely the benefit which is accorded to the debtor in a bankruptcy proceeding in the granting to him of a discharge from all of his provable debts, whereas the making by the debtor of a general assignment for the benefit of his creditors does not result in discharging him from his debts; he continues to remain liable for the unpaid balance of the debt and the creditor may resort to and pursue such remedies to compel payment of the balance as may be available, unaffected by the general assignment, unless by statute or valid agreement of the creditor the debt is released (5 C. J., Assignments for Benefit of Creditors, §§ 468, 516; 6 C. J. S., Assignments for Benefit of Creditors, § 395), and it has been said that the only effect of the assignment is to prevent a judgment creditor from levying upon the assigned property (*Swift & Co.* v. *Novotny,* 28 N. Y. S. 2d 562).

Article 2 of the Debtor and Creditor Law, relating to a general assignment for the benefit of creditors, makes no provision for the discharge of the debtor-assignor upon making the assignment, an anomalous situation, for the historical note of the Board of Statutory Consolidation (Report of Bd., Vol. 1, 1907, p. 728) states that article 2 applies to cases where an insolvent debtor, without the concurrence of his creditors, assigns his property for the benefit of his creditors '' for the purpose of being discharged from his debts.''

But though in its true sense a general assignment for the benefit of creditors is not a bankruptcy proceeding its provisions appear to be patterned after the National Bankruptcy Act and to that extent a general assignment for the benefit of creditors may be viewed as a quasi-bankruptcy proceeding, at least with respect to a construction of some of its provisions.

Comparing section 13 of the Debtor and Creditor Law, relating to debts which may be proved against the assignor's estate, with the provisions of clauses (1) to (4) of subdivision (a) of section 103 of the Bankruptcy Act (U. S. Code, tit. 11), we find that both read substantially alike, except that while clause (1) of subdivision (a) of section 103 contains a provision that a debt may be proved owing at the time of the filing of the petition, with any interest thereon, section 13 of the Debtor and Creditor Law makes no mention of interest or for allowing interest thereon.

In insolvency proceedings the rule has been followed that in the distribution of the estate of an insolvent, interest should be computed to the time of the institution of the insolvency proceeding upon all provable debts (*Matter of Murray*, 6 Paige Ch. 204; 32 C. J., Insolvency, § 178; 44 C. J. S., Insolvency, § 14, p. 378).

Considering the above-mentioned rule relating to insolvent estates and the similarity of language in section 13 of the Debtor and Creditor Law and clauses (1) to (4) of subdivision (a) of section 103 of the National Bankruptcy Act, it seems to me that a like rule should govern as to computation of interest on provable debts in a general assignment proceeding under article 2 of the Debtor and Creditor Law as is applied in the case of a bankruptcy proceeding under the National Bankruptcy Act and that interest on the provable debt should be allowed only to the date of the making of the general assignment for the benefit of creditors.

The objection is, accordingly, overruled.

The recommendations of the referee are approved and the report is confirmed. The referee's compensation will be fixed in the order to be entered hereon.

Settle order.