Louis J. Capozzoli, J.
This is a motion by garnishee bank for an order vacating and setting aside a prior order of this court entered on October 27, 1964, which directed said bank to turn over certain deposited funds of the judgment debtor to the petitioner-judgment creditor. Oscar Mayer & Co., another judgment creditor, intervenes and cross-moves herein for an order directing the said bank to turn over the deposited funds to it. On the prior proceeding, respondent garnishee bank defaulted in appearing for reasons not satisfactorily explained herein. Said respondent now advises the court that it is unable to obey the said order since one hour after it was *481 served with the motion papers in that prior proceeding, the bank was served by a City Marshal with the intervening judgment creditor’s property execution.
The petitioner secured and entered its judgment on August 12, 1964. An execution against the property of the judgment debtor (without specification) was sent to the Sheriff of Kings C'ounty on August 18, 1964 and thereafter returned unsatisfied. On August 19, 1964 petitioner served an information subpoena and restraining notice to the garnishee herein, which was returned on August 26, 1964 showing sums of the judgment debtor on deposit and certifying that said sums were not subject to any liens, attachments or other incumbrances. On September 23, 1964 petitioner served a notice of motion for a turn-over order on the garnishee bank. On October 7, 1964 the motion was granted on default, and on October 26, 1964 the court’s order was made. Meanwhile, the intervening respondent entered its judgment against the same debtor, on September 22, 1964, and on the following day issued an execution, with notice to the garnishee bank, to the City Marshal, who effected his levy that same day.
The rights of the competing judgment creditors herein are governed by the provisions of CPLR 5234 (subd. [c]). The first sentence of that subdivision describes exactly when, and only when, a nonexecution creditor will prevail over an execution creditor. As it applies to the instant situation, CPLR 5234 (subd. [c]) gives priority to the nonexecution creditor where a turn-over order “ is filed before the property or debt is levied upon”. Here, no order had even been issued at the time of levy. The court rejects petitioner’s argument that it secured a ‘ ‘ lien ” or “ priority ’ ’ simply by serving an information subpoena, a restraining order and a notice of motion for a turn-over order prior to the levy. The court concludes that it was the purpose of the drafters of the Civil Practice Law and Rules to change the prior law in this respect (see, generally, 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5202.26, 5222.21, 5234.16-.18) and thus the court rejects the pre-CPLR cases cited by petitioner as inapplicable. Petitioner places heavy reliance on City of New York v. Panzirer (N. Y. L. J., April 10, 1964, p. 14, col. 3) wherein Special Term of this court arrived at a contrary construction of CPLR 5234 (subd. [c]) and the effects of service of restraining riotices. However, that case relies upon law in force before the effective date of CPLR 5234 (subd. [c]), and therefore must be distinguished.
The motion and cross motion arc granted.