OPINION OF THE COURT
Lewis R. Friedman, J.
This case presents a novel question: does the Civil Court have jurisdiction to compel a judgment creditor to turn over money to an assignee for the benefit of creditors of the debtor where the funds were obtained by execution on a Civil Court judgment rendered after the assignment? There are also several unusual issues concerning the application of the Debtor and Creditor Law.
The facts are not in dispute. On December 14, 1982, the defendant here, Everything New, Inc., filed an assignment for the benefit of creditors, under article 2 of the Debtor and Creditor Law, in Supreme Court, New York County. Albert Lyons, who accepted the assignment, was named assignee. Plaintiff, who had commenced this action against defendant on November 16, entered a default judgment for $4,578.25 on December 16, two days after the assignment. On January 6,1983 plaintiff served a restraining notice on *90 Marine Midland Bank (the Bank) where defendant maintained an account. The assignee learned of the account and made various efforts to have the restraint removed. None of those efforts resulted in decisions on the merits of the issues.* On April 1, while litigation on the validity of the restraints was pending, plaintiff had an execution served on the Bank. The instant motion by the assignee of defendant, brought on in the original action, seeks to compel plaintiff or its counsel to turn over the money, $2,027.73, which it has received from the Bank.
Plaintiff challenges this court’s jurisdiction to entertain the motion. The primary issue is whether, the assignment having been filed in Supreme Court, only that court has jurisdiction to resolve questions of rights to the assignor’s property.
A general assignment for the benefit of creditors has béen defined as “ ‘a voluntary transfer by a debtor of all his property, to a trustee of his own selection, for administration, liquidation, and equitable distribution among his creditors’ * * * It is distinguishable from a federal bankruptcy proceeding in that no discharge from the assignor’s debts is obtainable in an assignment for the benefit of creditors * * * Upon assignment the assignee takes title to the debtor’s estate as trustee for all the creditors under the court’s supervision and the estate is in custodia legis.” (Freeman v Marine Midland Bank, 419 F Supp 440, 447; Matter of Pavone Textile Corp. [Bloom], 195 Misc 702, revd 276 App Div 596, revd 302 NY 206, affd sub nom. United States v Bloom, 342 US 912; Matter of Creveling & Son Corp. [Elkins], 259 App Div 351, affd 283 NY 760.)
The assignee’s rights are defined by the assignment which governs his powers. (Matter of Lewis, 81 NY 421; cf. Cherno v Bank of Babylon, 54 Misc 2d 277, affd 29 AD2d 767.) The assignee, however, functions “under the direction of the court”, in collecting the property of the estate and reducing it to money. (Debtor and Creditor Law, § 14.) “[T]he term ‘court’ when used in this article [Debtor and *91 Creditor Law, art 2] shall, in like manner, apply to the county court of such county and to the supreme court.” (Debtor and Creditor Law, § 2.) Plaintiff argues that under that definition only the Supreme Court, New York County, has jurisdiction to entertain any application by the assignee. This court holds to the contrary.
Clearly only the Supreme Court can adjudicate any rights of creditors against each other, generally supervise the assignee, or authorize the assignee to perform the acts specified in section 15 of the Debtor and Creditor Law. Thus all functions going to the heart of the assignment itself must be heard in Supreme Court. However, there is nothing in the statute which prevents an unsupervised assignee from bringing proceedings to collect the assets of the estate, where those assets have been taken after the assignee has come into title. The assignee here was given title to all of defendant’s property with instructions “to take possession of the same, and to sell the same with all reasonable dispatch, and to convert the same into money, and also to collect all such debts and demands hereby assigned as may be collectable”. It is in furtherance of those instructions that the assignee brought this motion. Since it is clear that the assignment governs the assignee’s rights (Matter of Lewis, 81 NY 421, supra), he may proceed in any court he reasonably deems appropriate to prevent seizures of his property. This is reasonable and frees the Supreme Court from deciding many smaller issues unrelated to the assignment itself.
An analysis of section 15 of the Debtor and Creditor Law, which lists the powers of “[t]he court”, shows that prior court approval is not required. The only subdivision of that section which involves issues similar to those at bar gives the court power: “6. To authorize an assignee to bring an action or special proceeding, which he is hereby empowered to maintain, against any person who has received, taken or in any manner interfered with the estate, property or effects of the debtor in fraud of his creditors and which might have been avoided by a creditor of the assignor and the assignee may recover the property so transferred or its value.” (Debtor and Creditor Law, § 15, subd 6.) That subdivision, however, applies only to actions that *92 would void fraudulent conveyances. (Cf. General Obligations Law, § 5-701, subd a, par 2.) It does not apply here. Similarly subdivision 6-a of section 15, which permits actions to undo voidable preferences, is inapplicable.
Plaintiff also argues that the assignment is ineffective since the schedules required by section 4 of the Debtor and Creditor Law were not filed until March 16, 1983, months after its restraining notice was served. The law, which once held that the making and delivery of verified schedules were essential to the validity of the assignment and a prerequisite to the vesting of absolute title in the assignee, was amended in 1874 to abrogate that rule. The assignee’s right to have a specified time to file schedules was not intended as a condition the breach of which would invalidate the assignment. (Compare L 1860, ch 348, with L 1874, ch 600; Juliand v Rathbone, 39 NY 369 [1868]; Produce Bank v Morton, 67 NY 199 [1876].) Section 4 provides a remedy for failure to file on time: the Supreme Court may order the assignee to show cause why he should not be removed. Of course here even that remedy is irrelevant since there is1 a Supreme Court order permitting the late filing. The law is settled that the assignee took full and complete title on his acceptance of the assignment once the assignment was recorded. In Matter of Feldman & Co. (Hirsch) (237 App Div 720, 721) the court stated that
“[o]n the acceptance of the trust by the assignee, title to all property, real and personal, vested in the assignee, in trust for the creditors * * * (Brennan v. Willson, 71 N. Y. 502.)
“The Court of Appeals, in Warner v. Jaffray (96 N. Y. 248) held that the assignee took title from the time of the making and delivery of the assignment.”
Plaintiff’s restraining notice served on the Bank was legally ineffective to obtain a lien on the assignee’s property. The restraining notice had been served on defendant’s bank account, but, by virtue of the prior assignment, defendant had no property rights in that account.
In Aspen Inds. v Marine Midland Bank (52 NY2d 575, 579-580), the Court of Appeals said: “service of a CPLR 5222 restraining notice confers no priority upon the judgment creditor in the form of a lien on the judgment debtor’s *93 property. (See Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121; City of New York v Panzirer, 23 AD2d 158; Matter of H & H Poultry Co. v Lafayette Nat. Bank, 45 Misc 2d 480; see, generally, 6 Weinstein-KornMiller, NY Civ Prac, par 5222.21.)”
In Matter of Feldman (supra), the Appellate Division held that where an assignor had delivered an assignment for the benefit of creditors on June 13, a judgment creditor’s levy on June 15, was ineffectual even though the assignment was not recorded until a day later. “The title * * * to the property was in the assignee and the attempted levy was ineffective.” (237 App Div 720, 722, supra.)
Defendant raises no other jurisdictional or procedural objections. The court therefore need not determine whether a motion in the original case or a new special proceeding is the correct form of action. (Cf. Speciner v Chase Manhattan Bank, 103 Misc 2d 19, 21; CPLR 103.) The court, of course, by directing the turnover of the property to the defendant’s assignee is taking no position on the ultimate distribution of the amount. That must be determined by the assignee, subject to Supreme Court supervision.
The motion is granted.

 The first motion to vacate the notice was denied without prejudice to renewal upon a submission of certain papers including a copy of the assignment. The next motion was denied since the assignee did not appear to argue. The third motion was denied with leave to renew upon a fuller set of papers showing that the required schedules were filed. This is apparently the fourth motion.