OPINION OF THE COURT
Eugene M. Hanofee, J.
Steingart Associates, Inc., has moved this court, by notice of motion and affidavit, for an order requiring the Town of Thompson to pay over to Steingart Associates, Inc., the sum of $3,250.90, which moneys are in the said Town’s possession, as a result of a lease arrangement between the Town of Thompson and Lots of Fun, Inc.
The facts which give rise to the present controversy are basically not in dispute. The Town of Thompson presently holds $10,000 belonging to Lots of Fun, Inc., as security for the full and faithful performance by Lots of Fun, Inc., of the terms, covenants and conditions of a certain lease agreement dated February 10, 1983 between the Town of Thompson, as owner, and Lots of Fun, Inc., as licensee and/or concessionaire, in connection with the operation of the Holiday Mountain Ski Area as an amusement park. The Town of Thompson is the owner of the Holiday Mountain Ski Area.
Paragraphs 33 and 34 of the aforesaid agreement between the Town of Thompson and Lots of Fun, Inc., read as follows:
*61 “33. The Licensee will deposit with the Owner, on or before April 1,1983, the sum of Ten Thousand ($10,000.00) Dollars as security for the full and faithful performance by the Licensee of all the terms, covenants and conditions of this license upon the Licensee’s part to be performed, which said sum shall be returned to the Licensee after the time fixed as the expiration of the term herein, provided the Licensee has fully and faithfully carried out all of said terms, covenants and conditions on Licensee’s part to be performed.
“34. That the security deposited under this license shall not be mortgaged, assigned or encumbered by the Licensee without the written consent of the Owner.”
Steingart Associates, Inc., pursuant to CPLR 5222, served a restraining notice upon the Town of Thompson, on or about October 14, 1984, restraining the Town of Thompson with respect to any funds it may be holding on behalf of Lots of Fun, Inc., and H.M.A.P. Ventures, Inc.
Monitor Electrical & Alarm Systems, Inc., has made application to this court to participate in this proceeding due to the fact that Monitor obtained a judgment against Lots of Fun, doing business as Holiday Mountain Amusement Park, on October 17, 1984, in the amount of $5,661.65. On or about October 17,1984, an execution with notice to garnishee was delivered to the Sullivan County Sheriff and thereafter, on or about October 24, 1984, the Sullivan County Sheriff caused the said execution to be served upon the Town of Thompson on behalf of Monitor Electrical & Alarm Systems, Inc.
With respect to the priority as between the Town of Thompson, Steingart Associates, Inc., and Monitor Electrical & Alarm Systems, Inc., the court finds, first of all, that the Town of Thompson, pursuant to its lease agreement, and pursuant to Debtor and Creditor Law § 151, has priority to the $10,000 it is holding as security to the claims of the Town of Thompson for the breach of the aforesaid lease agreement and any damages that may have been sustained by the said Town as a result of the said lease agreement. With respect to the priority between Steingart Associates, Inc., and Monitor Electrical & Alarm Systems, Inc., the court finds that service of a CPLR 5222 restraining notice confers no priority upon a judgment creditor in the form of a lien upon a judgment debtor’s property (see, Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121; City of New York v Panzirer, 23 AD2d 158; Matter of H & H Poultry Co. v Lafayette Natl. Bank, 45 Misc 2d 480; see generally, 6 Weinstein-Korn-Miller, NY Civ Prac If 5222.21). In the situation at bar, it appears that Steingart Associates, Inc., has taken *62 no other action with respect to the $10,000 in the possession of the Town of Thompson, other than to serve a restraining notice pursuant to CPLR 5222. It appears that Monitor Electrical & Alarm Systems, Inc., had elected and appears to be the first judgment creditor that is presently known to the court to have levied against the said $10,000 pursuant to CPLR 5234. It is the court’s opinion that as a result of the fact that Monitor Electrical & Alarm Systems, Inc., utilized the provisions set forth in CPLR 5234, that they are entitled to a priority with regard to claim of Steingart Associates, Inc. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222.-8, p 192.)