## LOWENE vs. THE AMERICAN FIRE INSURANCE COMPANY and others.

A creditor of an insurance company, whose loss accrued previous to the calamity which rendered the corporation insolvent, is not entitled to a preference in payment, out of the funds of the company in the hands of the receivers, over other creditors whose claims arose at the time when the insolvency happened, unless a specific appropriation of some part of the corporate property had been previously made for the satisfaction of such prior loss.

Where a dividend is declared in favor of the stockholders of a monied corporation, if the company becomes insolvent before the payment of the dividend or a specific appropriation of a portion of the corporate property for that purpose, the stockholders are not entitled to a preference in payment out of the general funds of the company, but must come in rateably with other creditors.

Creditors of an insolvent corporation, upon a proceeding in equity to close up the concerns of the company, are to be paid rateably, without reference to the times when their several debts accrued.

May 25.    THE bill in this cause was filed before the vice chancellor of the first circuit against The American Fire Insurance Company of the city of New-York, which was rendered insolvent by the great fire of December, 1835, and against the receivers of the company appointed under the act of the 18th of January, 1836, ( 3 *R. S.* 2d ed. 394,) to obtain a preference in payment out of the property and effects of the corporation in the hands of the receivers. It appeared by the bill and answer that previous to the fire which rendered the company insolvent, the complainant had sustained a loss of his property insured by the company to the amount of $3000, which loss had not been adjusted at the time of the fire, though in making a statement of the affairs of the company preparatory to a dividend which had been declared a few days previous to the great fire, this loss had been set

1837.

Lowene
v.
The American
Fire Ins. Co.

down as one which the company would probably be obliged to pay. A suit was afterwards commenced against the company for the loss, and subsequent to the appointment of the receivers a judgment was recovered for the amount underwritten with interest and costs, on which judgment an execution was issued and returned unsatisfied. The case was heard upon bill and answer as to the receivers and upon the bill taken as confessed against the corporation. The vice chancellor decided that the complainant was not entitled to any preference in payment over other creditors of the company; and he dismissed the bill as to the receivers with costs. From this decree the complainant appealed.

*J. Anthon*, for the appellant. The capital is a trust fund pledged for the payment of the debts of the company. It is pledged pro tanto as soon as any contract of insurance is made by the company; or at least as soon as the adventurer by the course of events has, by the occurrence of the contingency insured against, acquired a right against the company. When the dealings of the company exceed the amount of the fund pledged, such excess is unprotected from the nature of the case, the fund being duly exhausted by prior liens. The trusts, therefore, necessarily attach in the order of their dates until the capital fund is exhausted, when the trusts cease to have any aliment. The capital being sound when this loss accrued, the complainant's lien fully attached, and could not be divested by matters ex post facto. The acts attending the declaring of the dividend were also an express appropriation of so much of the trust fund as was necessary to meet this demand. The complainant also having by judgment and execution matured his rights against the capital fund, is entitled on this ground also to the fruits of his diligence, a payment in full. The assets of the company in the hands of trustees were not protected, either in law or equity, from the operation of the judgment and execution. The excessive dealings of the company beyond its capital created no equity in the subsequent adventurers in opposition to the lien of the complainant. The complainant at all events is entitled to a decree for a ratea-

1837.

Lowene
v.
The American
Fire Ins. Co.

ble dividend, the defendants admitting in their answer their readiness to pay the same.

*J. I. Rosevelt*, for the respondents. The relation which subsisted between the company and the complainant was that of debtor and creditor, and not of trustee and cestui que trust. Even if there had been a right of election, it was determined by the commencement and prosecution to judgment of the suit at law. And there was nothing in the circumstances of the complainant's claim to entitle it to a preference over the claims of the other creditors. The bill cannot be sustained as a creditor's bill: 1. Because the corporation not being in existence, the judgment entered up against it was void : 2. Because if valid, the defendants in the judgment had previously parted with all their estate and effects to the receivers, pursuant to the act of January, 1836, to be distributed equally among the claimants ; and 3. Because a creditor's bill will not lie in any case against a corporation.

The CHANCELLOR. There had not been any specific appropriation of any part of the funds of the company to pay the complainant's loss previous to the insolvency of the company or the appointment of the receivers, and the vice chancellor was therefore right in supposing that a priority of loss did not entitle the claimant to a preference in payment over other creditors. Even if the loss had been actually adjusted at the time a statement of the situation of the company was made with a view to the declaring of a dividend among the stockholders of the surplus profits, the preference claimed could not be allowed unless there had been a specific lien created upon some particular fund for the payment thereof. The decision of the vice chancellor in the case of *Le Roy* v. *The Globe Insurance Company*, (2 *Edw. Rep.* 657,) proceeds upon the ground that the declaring of the dividend and the setting apart of the surplus fund in the bank, and drawing the checks upon that fund, was a specific appropriation of so much of that fund for the payment of the dividends, and gave to the several stockholders

an equitable lien thereon pro tanto. The case would have been entirely different if the directors had merely declared a dividend without appropriating any specific fund for the payment thereof. In that case the unpaid dividends would have been mere debts against the company in favor of the stockholders, who must have come in rateably with other creditors in case of insolvency. In the present case the fact that the complainant's loss occurred before that of the other creditors, who had paid their premiums for the risk while the company was solvent, gave him no legal or equitable claim to a preference after other losses had occurred, which rendered it impossible for the company to pay the whole. The provisions of the revised statutes relative to proceedings against corporations in equity, contemplate an equal distribution among all the creditors, without reference to the time in which their respective debts accrued; although the creditor upon whose application the receiver is appointed has actually proceeded to judgment and execution against the company. (2 *R. S.* 2d ed. 378, § 36, 37.)

The bill is not properly framed for a rateable dividend of the fund in the hands of the receivers, as none of the other creditors are parties to the suit. Neither is the bill filed by the complainant in behalf of himself and other creditors. Besides, the statute under which the receivers were appointed contemplates a different mode of proceeding to ascertain the rights of the parties and to distribute the assets of the company among the creditors.

The decree of the vice chancellor is therefore affirmed, with costs.