CLINCH v. SOUTH SIDE RAILROAD COMPANY, appellant.

*Receiver — of corporation — how appointed under Laws 1870, chap. 151.*

Plaintiff, upon a judgment against a railroad corporation of this State, issued execution, which was returned unsatisfied. After this, upon an affidavit showing these facts, and that the corporation was insolvent, plaintiff moved, upon eight days' notice, for a receiver, *Held*, that an order appointing a receiver upon such motion was unwarranted. By Laws 1870, chap. 151, a receiver of a corporation can be appointed only in a civil action, and the proceeding in question was not such an action.

APPEAL from an order of the special term appointing a receiver of the defendant, The South Side Railroad Company of Long Island, upon motion of the plaintiff, Edward S. Clinch. The material facts appear in the opinion.

*Tracy Catlin & Brodhead,* for appellant.

*John H. Bergen,* for respondent.

DAVIS, P. J. The plaintiff in this action brought suit against the defendant in Kings county, and recovered judgment, the roll whereof was filed in Kings, and transcripts filed and judgment docketed in Queens and Suffolk counties. An execution in due form was issued to the sheriff of Suffolk county, and by him duly returned wholly unsatisfied. The defendants' railroad runs through the counties of Kings, Queens and Suffolk, and it has offices and stations in each of these counties.

Upon an affidavit showing these facts, and also that the railroad company is insolvent, the plaintiff applied, upon motion and eight days' notice, at the special term of this district, at chambers, for an order appointing a receiver.

The defendant appeared and opposed such motion, and read on the hearing an affidavit showing that, on or about October 1, 1872, the railroad was mortgaged to secure $1,000,000 of the company's bonds to trustees, and that, default having been made on such mortgage, the trustees have taken, and are now in possession of and operating, said railroad ; and that the trustees have brought an action to foreclose the mortgage, which action was commenced before notice of this motion was given, and is still pending.

The motion of the plaintiff was granted, and Edward D. Gale was appointed receiver; and from the order appointing such receiver this appeal is taken.

Prior to the act of 1870 (ch. 151, Laws of 1870), the provisions of chapter 8, part 3, title 4, of the Revised Statutes, remained in full force, unaffected by the Code. They were expressly excepted from the operation of the Code by section 471 of the Code. The 36th and 37th sections of the statute (2 R. S. 463) provided that "Whenever a judgment at law or decree in equity shall be obtained against any corporation, and an execution issued thereon shall have been returned unsatisfied, upon the petition of the person obtaining such judgment or decree, or his representatives, the court of chancery may sequestrate the property of such corporation, and may appoint a receiver of the same;" and that, "Upon a final decree on any such petition, the court shall cause a just and fair distribution of the property of such corporation and of the proceeds thereof to be made among the fair and honest creditors of such corporation, in proportion to their debts," etc. These sections point out the mode of instituting the proceedings, to wit, by petition of the judgment creditor, and provide, substantially, for a formal suit in equity, to be commenced by petition and terminated by a final decree, upon hearing and adjudication.

Whether an affidavit and notice of motion, such as were presented in this case, would have been deemed a sufficient conformity to the statute need not be determined, because it seems clear that the mode of proceeding pointed out by the statute has been superseded by the new mode indicated by the act of 1870.

Section 3 of that act declares that "A receiver of the property of a corporation can be appointed only by the supreme court in a civil action, and in one of the following cases, upon at least eight days' notice of the application therefor, to the proper officer of such corporation:

"1. In a civil action brought by a judgment creditor of the corporation, or his representatives, after execution has been issued upon such judgment and returned unsatisfied in whole or in part." * * *
"5. In the cases specifically mentioned in title four, chapter eight, part three, of the Revised Statutes."

The provisions of the act of 1870 clearly cover all the cases mentioned in the statute last referred to; and there seems to be no reason to doubt that the remedies given by the statute, and espec-

ially those named in the 36th and 37th sections, must now be pursued by a "civil action" instead of by petition, as provided for in the former statute. This change is substantial and important. It substitutes a new form of procedure, which is exclusive of all pre-existing modes. We are not at a loss to ascertain what a "civil action" is, for that is something distinctly defined by law as distinguished from a special proceeding (see Code, §§ 2–6), and section 471 of the Code declares that where "a civil action shall be brought, such action shall be conducted in conformity to this act."

Whether an affidavit, made in the original action in which the judgment was recovered, with notice of a motion for the appointment of a receiver founded thereon, would have been sufficient before the act of 1870 or not, it is clear that it is not the commencement of a civil action within the requirements of the act of 1870. The proceedings were therefore irregular, and the order based thereon was improvidently granted. See *City of Rochester* v. *Bronson*, 41 How. 78 ; *Bangs* v. *McIntosh*, 23 Barb. 591 ; *Lowene* v. *Amer. Fire Ins. Co.*, 6 Paige, 482 ; *Morgan* v. *N. Y. & A. R. R. Co.*, 10 id. 290 ; *Mann* v. *Pentz*, 3 N. Y. 415.

The order appealed from should be reversed, with costs.

DANIELS and BRADY, JJ., concurred.

*Order reversed.*