THE PEOPLE OF THE STATE OF NEW YORK v. THE AMERICAN LOAN AND TRUST COMPANY.

In the Matter of Proofs of Claims upon the Accounting of J. EDWARD SIMMONS, as Receiver of THE AMERICAN LOAN AND TRUST COMPANY, Respondent.

EUPHEMIA E. HAWES, as Executrix of GRANVILLE P. HAWES, Deceased, et al., Appellants and Respondents.

LOUIS BAUER et al., Respondents and Appellants.

CORPORATIONS — DISTRIBUTION OF PROPERTY AMONG "FAIR AND HONEST CREDITORS" BY JUDGMENT OF DISSOLUTION — CODE CIV. PRO. § 1793. The term "fair and honest creditors," used in section 1793 of the Code of Civil Procedure, relating to the just and fair distribution of the property of a corporation in an action for its dissolution, includes not only those whose diligence has given direction to the conduct of the proceeding, but all creditors who are within the descriptive terms of the statute.
People v. American Loan & Trust Co., 87 App. Div. 139, modified.

(Argued January 7, 1904; decided January 19, 1904.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 12, 1903, which modified and affirmed as modified an order of Special Term directing the distribution of funds in the hands of the receiver herein.

*Barclay E. V. McCarty* and *James Anderson Hawes* for Euphemia A. Hawes, as executrix of Granville P. Hawes, deceased, appellant and respondent.

*O. P. Metcalf* for Manufacturers and Traders' Bank et al., appellants and respondents.

*H. B. Closson* and *William E. Carnochan* for Thomas G. Ritch et al., as executors of Daniel B. Fayerweather, deceased, appellants and respondents.

*Clarence E. Thornall* for Edward F. Browning et al., as executors of Charles S. Hull, deceased, et al., appellants and respondents.

*James Dunne* for Louis Bauer et al., respondents and appellants.

*Alfred Opdyke* and *William S. Opdyke* for receiver, respondent.

*Per Curiam.* So much has been written in the various phases of the proceeding now before us for final review that we need do no more than state our conclusion in the light of a single prefatory observation as to the nature and purpose of the proceeding. Its object is to secure a " a just and fair distribution of the property of the corporation, and of the proceeds thereof, among its fair and honest creditors." (Section 1793, Code Civ. Pro.) The parties now before the court are all " fair and honest " creditors in the same class. Justice and equity, therefore, no less than the express command of the statute, require that there shall be a " just and fair " distribution of the fund among them. Not a distribution among those whose diligence has given direction to the conduct of the proceeding, but among all who are within the descriptive terms of the statute. The statute is our sole guide, and to its peremptory direction, rules of courts and conflicting views of counsel must yield. Our conclusion is that all the unpreferred creditors before the court on this appeal stand upon an equal footing and are entitled to a ratable division among them of the fund in dispute.

The order of the Appellate Division should be modified accordingly, and as thus modified affirmed, without costs to any of the parties.

Parker, Ch. J., O'Brien, Bartlett, Martin, Vann, Cullen and Werner, JJ., concur.

Ordered accordingly.