The People of the State of New York v. The American Loan and Trust Company.

In the Matter of Proofs of Claims upon the Accounting of J. Edward Simmons, as Receiver of The American Loan and Trust Company, Respondent.

Euphemia E. Hawes, as Executrix of Granville P. Hawes, Deceased, et al., Appellants and Respondents.

Louis Bauer et al., Respondents and Appellants.

1. Corporation — Involuntary Dissolution — Distribution Among Unpreferred Creditors Whose Claims Have Been Proved or Admitted — Rule 30, Supreme Court — Code Civ. Pro. § 1793. Rule 30 of the Supreme Court, relating to the filing of exceptions to referees' reports, so far as it conflicts with section 1793 of the Code of Civil Procedure, relating to the just and fair distribution of the assets of a corporation among its fair and honest creditors in an action for its involuntary dissolution, must yield and the statute controls; therefore, all unpreferred creditors whose claims have been duly proved or admitted are entitled to a ratable division among them of the fund to be distributed among the unpreferred creditors, notwithstanding that some of them failed to file exceptions to the referee's report; allowing interest to the preferred creditors, and were not represented upon appeals from the judgment entered thereon, which was reversed and the fund thereby created, except as they were represented by the receiver, since his appearance in all matters relating to the liquidation of the corporate affairs must be deemed an appearance for all concerned therein.

2. Same — When Costs Allowed. Creditors, however, who appear in the Court of Appeals by their attorneys, and who take an active part

in wresting the fund to be distributed among the unpreferred creditors from those not entitled to it, and in settling the basis of distribution, are entitled to costs of the appeal to the Court of Appeals payable out of the fund.

(Submitted February 8, 1904; decided February 23, 1904.)

MOTION by the receiver of the defendant for a recall of the remittitur and for a reargument of the appeals herein; or, if reargument is denied, for an amendment of the remittitur by inserting therein a more definite specification or description of the parties entitled to a distributive share of the fund in controversy.

Also a motion by Bauer, Koester & O'Connor, unpreferred creditors in fact, but claiming a preference by virtue of having filed exceptions to the referee's report herein, for a reargument. (See 177 N. Y. 231.)

*William S. Oydyke, Alfred Opdyke, Charles W. Dayton, James Dunne* and *John M. Harrington* for motion.

*O. P. Metcalf, Clarence E. Thornall, Barclay E. V. McCarty* and *James Anderson Hawes* opposed.

WERNER, J. It will be remembered that the appeals herein were taken from an order of the Appellate Division, first department, providing for distribution among the unpreferred creditors of the American Loan and Trust Company, an insolvent corporation whose affairs are in process of liquidation, in an action for dissolution brought under the statute.

By the terms of the charter of this trust company, loans to it by savings banks were made preferred debts. In allowing the claims of certain savings banks under this statutory preference, the referee to whom the matter was referred, added interest up to the time of making his report, and this was held to be an error, upon the theory that unless the assets were sufficient to pay all claims in full, with interest, no interest accruing after the date of the appointment of the receiver could be allowed to preferred creditors as against unpreferred

creditors. (*People* v. *American Loan & Trust Co.*, 172 N. Y. 371.)

That decision resulted in a net fund of $76,864.12, which was applicable to the claims of unpreferred creditors. Out of this fund the referee awarded the sum of $59,987.95 to Bauer, Koester & O'Connor, unpreferred creditors, and the balance of $16,876.17 was directed to be distributed among the other unpreferred creditors as a whole.

With modifications, not material here, the Appellate Division affirmed the order confirming that report.

From that order cross-appeals were taken to this court, which resulted in a modification to the effect that Bauer, Koester & O'Connor were not entitled to preference over other unpreferred creditors, and that the whole fund must be distributed ratably among all of the unpreferred creditors *who were before this court.* (*People* v. *American Loan & Trust Co.*, 177 N. Y. 231.)

Upon these motions for reargument and amendment of remittitur, we have before us not only all the parties who participated in the argument of the cross-appeals, but also a large number of unpreferred creditors who were not before this court by their own attorneys either as appellants or respondents, although their claims were duly admitted or proved before the referee. These latter creditors now appear by their attorney and ask to intervene on the ground that they are entitled to share in the distribution of the fund.

The ground for these motions for reargument is that the court overlooked or misapprehended the question before it. That question was whether Bauer, Koester & O'Connor, as unpreferred creditors who had promptly filed exceptions to the referee's report allowing interest to preferred creditors, were entitled to a preference over other unpreferred creditors, who had either filed no exceptions or had tardily filed them *nunc pro tunc* pursuant to leave of the court.

We did not overlook or misapprehend the question involved for we held that rule 30 of the Supreme Court, relating to the filing of exceptions to referee's reports, being a general rule of

practice, must give way to a positive statute directly applicable to this special proceeding.

The rule of practice referred to (30) provides that in references other than for the trial of issues in an action, or for computing the amount due in foreclosure cases, the report "shall become absolute and stand in all things confirmed, unless exceptions thereto are filed and served within eight days after service of notice of filing of the same." This is the rule relied upon by Bauer, Koester & O'Connor.

The statute (sec. 1793, Code Civ. Pro.) directs that the final judgment in an action to dissolve a corporation "*must provide for a just and fair distribution of the property of the corporation, and of the proceeds thereof, among its fair and honest creditors, in the order and in the proportions prescribed by law, in case of the voluntary dissolution of a corporation.*" This is the statute which we invoked on behalf of all the unpreferred creditors before the court.

This rule and statute are irreconcilable. It is obvious at a glance that there can be no just and fair distribution of the assets of a corporation among its fair and honest creditors, if a proceeding like this is simply a race of diligence in conforming to a rule of practice.

It seems too clear for lengthy discussion that when there is a conflict between a general rule of practice and a special statute directly applicable to a proceeding, the special statute must control and the general rule of practice must yield.

There is nothing new in the statute referred to. The Revised Statutes (Part 3, ch. 8, tit. 4, § 79) provide for the order of payment of debts of corporations in case of voluntary dissolutions, and the Code of Civil Procedure (§ 1793) directs that distribution in a case like the one at bar shall be the same as "in case of the voluntary dissolution of a corporation."

In cases of voluntary dissolution of a corporation a receiver is to make payments of debts to those whose claims have been exhibited and ascertained in the following order: "1. All debts entitled to a preference under the Laws of the United States. 2. Judgments actually obtained against such corpora-

tion, to the extent of the value of the real estate on which they shall respectively be liens.    3. All other creditors of such corporation, in proportion to their respective demands, without giving any preference to debts due on specialties."

As early as 1837 our Court of Chancery held that "the provisions of the Revised Statutes relative to proceedings against corporations in equity contemplate an equal distribution among all the creditors, without reference to the time in which their respective debts accrued, although the creditor upon whose application a receiver is appointed has actually proceeded to judgment and execution against the company" (*Lowene* v. *American Fire Ins. Co.*, 6 Paige, 485); and in 1843 the same court decided that a creditor of a corporation who files a bill to obtain satisfaction of his debt does not, by his initiative, obtain a preference, but the whole of the property and effects of the corporation must be sequestered for the benefit of all its creditors ratably, except as to preferences created by the Federal laws, or by virtue of liens upon real estate under judgments or decrees.    (*Morgan* v. *N. Y. & A. R. R. Co.*, 10 Paige, 290.)

The policy of the law in the distribution of corporate assets, as indicated by these statutes and decisions, is that " equality is equity," and by that rule our decision herein seems to be correct.

Our decision was that " all the unpreferred creditors *before the court* on this appeal stand upon an equal footing and are entitled to a ratable division among them of the fund in dispute."

The receiver now asks to be advised whether " the court considered that all those unpreferred creditors whose claims have been admitted in this proceeding, but who are not represented by their own attorneys upon said appeals, were represented before the court by the receiver."

This request by the receiver is, as we have stated, supplemented by the application of a number of unpreferred creditors, whose claims were duly proved or admitted, but who did not appear by their own attorneys upon the argument of

these appeals for leave to now intervene for the purpose of protecting their interests.

Our decision was intended to include not only those creditors who were in court by their own counsel, but all those other creditors whose claims were duly proved or admitted and who were, therefore, represented by the receiver upon appeal to this court.

The receiver of a corporation is the officer of the court appointing him, and his possession of the corporate property is the possession of the court. (*Atty.-Genl.* v. *Guard. Mut. Life Ins. Co.*, 77 N. Y. 277.) By parity of reasoning it must follow that the distribution of corporate assets by the receiver is distribution by the court. A receiver in such case represents the corporation, its creditors, and its stockholders (*Atty.-Genl.* v. *Guard. Mut. Life Ins. Co.*, *supra*), and, hence, the receiver's appearance in all matters relating to the liquidation of the corporate affairs must be deemed an appearance for all concerned, except when there is a conflict between the receiver and those interested, in which event, of course, they appear for themselves.

This view seems to be in consonance with the provisions of the statutes above referred to. Section 1793 of the Code of Civil Procèdure directs that in an action for the involuntary dissolution of a corporation, distribution of its assets shall be made as " in case of the voluntary dissolution of a corporation."

The statute relating to voluntary dissolution of corporations (Rev. Stat. part 3, ch. 8, tit. 4, § 79) provides for a distribution in the manner set forth in the above-quoted portions thereof; " *among all those who shall have exhibited their claims as creditors, and whose debts shall have been ascertained.*"

Upon further reflection we are inclined to think that those creditors who did appear in this court by their own attorneys, and who have taken an active part in wresting the disputed fund from those not entitled to it, and in settling the basis of distribution, are entitled to costs of this appeal payable out of the fund.

Motions for reargument denied, without costs. Motion for

amendment of remittitur granted so far as it may be neces-
sary to indicate more clearly what creditors are entitled to
share in the distribution, and so as to include the foregoing
provision for costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and
CULLEN, JJ., concur.

Motions for reargument denied. Motion to amend remittitur
granted.