In the Matter of the General Assignment for the Benefit of Creditors of PAVONE TEXTILE CORP., Assignor, to HAROLD BLOOM, Assignee, Appellant. UNITED STATES OF AMERICA et al., Claimants, Respondents.

Argued November 16, 1950; decided March 8, 1951.

*Gustave A. de Lemos* for appellant.   I. As a general rule, after property has passed into the hands of an assignee for the benefit of creditors, creditors of the estate are not entitled to post-assignment interest on their claims.   (*Thomas* v. *Western Car Co.,* 149 U. S. 95; *Matter of People* [*Norske Lloyd Ins. Co.*], 249 N. Y. 139; *People* v. *American Loan & Trust Co.,* 172 N. Y. 371; *City of New York* v. *Saper,* 336 U. S. 328.)   II. The general rule is applicable not only as to general creditors, but as to preferred creditors as well, in the absence of a specific exception created by statute.   (*People* v. *American Loan & Trust Co.,* 172 N. Y. 371; *United States Fidelity & Guar. Co.* v. *Carnegie Trust Co.,* 161 App. Div. 429; *Leach* v. *Sanborn,* 231 N. W. 497 [Iowa]; *Boston & A. R. Co.* v. *Mercantile Trust & D. Co.,* 82 Md. 535; *Attorney General* v. *Supreme Council, A. L. H.,* 206 Mass. 131; *Fordyce* v. *Kansas City & N. Connecting R. Co.,* 145 F. 566; *Atlanta Nat. Bank* v. *Four-States Grocer Co.,* 135 S. W. 1135 [Tex.]; *Cutler* v. *Horgen,* 213 Iowa 983.)   III. The statutes invoked by respondents do not create an exception to the general rule.   (*City of New York* v. *Saper,* 336 U. S. 328; *Matter of Kallak,* 147 F. 276; *Carmichael* v. *Southern Coal & Coke Co.,* 301 U. S. 495; *Standard Dredging Corp.* v. *Murphy,* 319 U. S. 306; *W. H. H. Chamberlin, Inc.,* v. *Andrews,* 271 N. Y. 1, 299 U. S. 515.)   IV. The court below erred in deciding that section 3466 of the Revised Statutes (U. S. Code, tit. 31, § 191) has been construed in the State of New York as entitling the United States of America to post-assign-

ment interest. (*Matter of Lincoln Chair & Novelty Co.*, 274 N. Y. 353; *Matter of Kupshire Coats, Inc.*, 272 N. Y. 221; *Matter of T. J. Simpson, Inc.*, v. *United States*, 258 App. Div. 148.) V. The court below erred in deciding that until the State Legislature limits claims of the State of New York in general assignment proceedings such ·claims must receive priority inclusive of interest until the date of payment. VI. The measure of preference under both the Federal and State law is limited to the payment of principal. (*People* v. *American Loan & Trust Co.*, 172 N. Y. 371; *Matter of People [First Russian Ins. Co.]*, 253 N. Y. 365; *Hammer* v. *Tuffy*, 145 F. 2d 447.)

*Irving H. Saypol, United States Attorney for the Southern District of New York (John D. Kelly* of counsel), for United States of America, respondent. I. The Government's priority to the payment of its claim in a general assignment proceeding is, by virtue of the supremacy clause of the Constitution, a Federal question to be decided under the laws of the United States, without regard to the law of any State. (*Matter of T. J. Simpson, Inc.*, v. *United States*, 258 App. Div. 148; *Matter of Kupshire Coats, Inc.*, 272 N. Y. 221; *Matter of Lincoln Chair & Novelty Co.*, 274 N. Y. 353; *United States* v. *Waddill, Holland & Flinn, Inc.*, 323 U. S. 353; *Matter of Ryan*, 294 N. Y. 85.) II. The word " debts " contained in section 3466 of the Revised Statutes (U. S. Code, tit. 31, § 191) is to be construed liberally and includes the payment of post-assignment interest on a delinquent tax claim of the United States. (*United States* v. *Waddill, Holland & Flinn, Inc.*, 323 U. S. 353; *United States* v. *Texas*, 314 U. S. 480; *New York* v. *Maclay*, 288 U. S. 290; *Stripe* v. *United States*, 269 U. S. 503; *County of Spokane* v. *United States*, 279 U. S. 80; *Price* v. *United States*, 269 U. S. 492; *Billings* v. *United States*, 232 U. S. 261; *Owens* v. *Commissioner of Internal Revenue*, 125 F. 2d 210, 316 U. S. 704; *United States* v. *Childs*, 266 U. S. 304; *Rodgers* v. *United States*, 332 U. S. 371; *Massachusetts* v. *United States*, 333 U. S. 611.) III. In receivership proceedings over which section 3466 of the Revised Statutes governs, Federal tax claims have always drawn interest to the date of payment. (*United States* v. *Waddill, Holland & Flinn, Inc.*, 323 U. S. 353; *Matter of Lincoln Chair & Novelty Co.*, 274 N. Y. 353; *Matter of Kupshire Coats, Inc.*, 272 N. Y.

221; *American Iron & Steel Mfg. Co.* v. *Seaboard Air Line Ry.,* 233 U. S. 261.)

*Nathaniel L. Goldstein, Attorney-General (Samuel Stern, Wendell P. Brown* and *Francis R. Curran* of counsel), for State of New York, respondent. I. Subdivision 4 of section 570 and section 574 of the New York Unemployment Insurance Law make absolute and mandatory the payment of post-assignment interest, and such payment is not dependent upon a rule of court, nor upon the varying equities of particular cases. (*Matter of Moskowitz* v. *La Guardia,* 183 Misc. 33, 268 App. Div. 918, 294 N. Y. 830; *Marshall* v. *New York,* 254 U. S. 380; *Matter of Lehrer-Howard, Inc.,* 181 Misc. 683.) II. Neither the law with respect to interest in a straight bankruptcy proceeding nor the general rule of distribution in an insolvency proceeding is applicable to or decisive of the issue involved. (*Matter of De Rario, Inc.,* 182 Misc. 427; *Matter of Jamaica Concrete Corp.* [*Wedeen*], 185 Misc. 655; *Thomas* v. *Western Car Co.,* 149 U. S. 95; *People* v. *American Loan & Trust Co.,* 172 N. Y. 371; *Matter of Empire State Sur. Co.,* 125 Misc. 806; *American Iron & Steel Mfg. Co.* v. *Seaboard Air Line Ry.,* 233 U. S. 261; *Pennsylvania Steel Co.* v. *New York City Ry. Co.,* 216 F. 458; *Richmond & I. Constr. Co.* v. *Richmond, N., I. & B. R. Co.,* 68 F. 105.)

FROESSEL, J. In this proceeding, in which the assignor made a general assignment for the benefit of creditors, the only issue presented to us for determination is whether the respondents, the United States of America and the State of New York, are entitled to interest on their tax claims to the date on which the assignment was filed or to the date of payment of such claims. The claim of the United States is for social security and withholding taxes, and that of New York for unemployment insurance taxes.

The general rule is well settled that creditors are not entitled to post-assignment interest where the proceeds are insufficient to pay all creditors in full, because the " delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate "; this general rule applies as between preferred and unpreferred creditors (*Thomas* v. *Western Car Co.,* 149

U. S. 95, 116–117; *People* v. *American Loan & Trust Co.*, 172 N. Y. 371, 379, motion for reargument denied 177 N. Y. 467; *Matter of People [Norske Lloyd Ins. Co.]*, 249 N. Y. 139, 146–148; *United States Fidelity & Guar. Co.* v. *Carnegie Trust Co.*, 161 App. Div. 429, affd. 213 N. Y. 629; *Matter of Murray*, 6 Paige Ch. 204).

In bankruptcy proceedings, the Supreme Court of the United States, despite earlier decisions in the lower Federal courts to the contrary, has definitely ruled that, under existing statutes, post-bankruptcy interest does not accrue on tax claims, pointing out that the rule stopping interest at bankruptcy is a fundamental principle of the English bankruptcy system which we copied more than two centuries ago (*City of New York* v. *Saper*, 336 U. S. 328; *Sexton* v. *Dreyfus*, 219 U. S. 339, 344; 2 Blackstone's Comm., p. 488). As long ago as *Ex parte Bennet* (2 Atk. 527, 528 [1743]), Lord HARDWICKE said: "Commissioners, after a man becomes a bankrupt, compute interest upon debts no lower than the date of the commission, because it is a dead fund, and in such a shipwreck, if there is a salvage of part to each person, in this general loss, it is as much as can be expected."

In view of these decisions, we conclude that post-assignment interest is not recoverable in the case at bar. We are reinforced in this conclusion by the language of the Federal priority statute, which clearly has application here (*Matter of Kupshire Coats, Inc.*, 272 N. Y. 221, 224; *Matter of Lincoln Chair & Novelty Co.*, 274 N. Y. 353, 356; *Matter of Gruner*, 295 N. Y. 510, 520–521, motion for reargument denied 296 N. Y. 668): "Whenever any person indebted to the United States is insolvent * * * the *debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor,* not having sufficient property to pay all his debts, *makes a voluntary assignment thereof * * * as to cases in which an act of bankruptcy is committed.*" (U. S. Rev. Stat., § 3466; U. S. Code, tit. 31, § 191; emphasis supplied.) The word "debts" in this statute has been held to include taxes (*United States* v. *Waddill, Holland & Flinn, Inc.*, 323 U. S. 353). The statute clearly extends the Federal priority in bankruptcy proceedings to assignment proceedings, and, inasmuch

as the priority in bankruptcy does not include post-bankruptcy interest (*City of New York* v. *Saper, supra*), so the priority in assignment proceedings does not include post-assignment interest.

A similar disposition must be made of the New York claim. We have already referred to the general common-law rule, which stops interest at the date of the assignment. Moreover, a comparison of the related New York assignment statutes and the Federal Bankruptcy Act indicates that they are closely parallel. Under the Bankruptcy Act the United States, as well as a State or political subdivision thereof, is given priority among creditors after payment of costs, expenses and wage claims (U. S. Code, tit. 11, § 104), and under the New York statutes, the State enjoys an analogous priority but after the United States (Debtor and Creditor Law, §§ 22, 23; Labor Law, § 574). The similarity of the Federal and State statutes as to provable debts may also be noted (U. S. Code, tit. 11, § 103; Debtor and Creditor Law, § 13). Precisely as did the United States with respect to bankruptcy, as indicated in the *Saper* case (*supra*), so has New York indicated that as to post-assignment interest it is to be treated on a par with other creditors. (See *United States Fidelity & Guar. Co.* v. *Carnegie Trust Co., supra*; *People* v. *American Loan & Trust Co., supra*; *Matter of People* [*Norske Lloyd Ins. Co.*], *supra*.)

The argument of the respondent State of New York that section 574 of the Labor Law makes absolute and mandatory the payment of post-assignment interest is not persuasive. This statute does not allow post-assignment interest; it simply provides that the State's priority as to unemployment insurance contributions includes " any " interest on said contributions to which the State may be entitled. As to contributions due up to the date of the filing of the assignment, the State is entitled to interest to the time of filing; as to contributions " thereafter due ", no interest is allowable. The use of the words " any interest * * * thereon " is clear recognition that all of the contributions referred to in section 574 do not bear interest, as, for example, contributions which have accrued in part before the filing of the assignment but are not due until after such filing. Finally, statutes making interest a part of the tax (such

as Labor Law, § 570, where interest at 9% is allowed; U. S. Code, tit. 26, § 1420, subd. [b]; § 1627) are given due effect by allowing interest to the time of filing the assignment; thereafter the general rule as to post-assignment interest prevails in the absence of any statute expressly providing for such interest.

The rationale of the authorities hereinbefore cited is sound; they follow the long-established common-law rule, since no statute provides for the payment of post-bankruptcy or post-assignment interest; they harmonize the rules in bankruptcy and assignment proceedings; and they achieve a result that is just, fair and equitable. To allow post-assignment interest on tax claims at variable and substantial rates to run on throughout the course of a lengthy assignment proceeding, and thereby consume all or much of the funds available, to the detriment of the other creditors, is in accord with neither law nor equity.

Accordingly, the order of the Appellate Division should be reversed, and the orders of Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Ordered accordingly.