The **UNITED STATES** of America,
Plaintiff,

v.

**Eugene J. SULLIVAN, Jr., and James A.
Higgins, Co-administrators, c.t.a. of the
Estate of Robert G. Holt, Defendants.**

Civ. A. No. 2986.

United States District Court
D. Rhode Island.

April 15, 1966.

Frederick W. Faerber, Asst. U. S. Atty., Providence, R. I., Levon Kazarjian, Dept. of Justice, Tax Div., Washington, D. C., for plaintiff.

Eugene J. Sullivan, Jr., James A. Higgins, Providence, R. I., for defendants.

DAY, District Judge.

In this action the United States of America seeks to obtain a judgment against the defendants as co-administrators, c. t. a. of the estate of Robert G. Holt, deceased, for the amount of unpaid tax liabilities incurred by the decedent during his lifetime together with interest thereon as provided by law.

From the evidence adduced at trial it appears that the decedent died on March 9, 1960 and that the defendants were duly appointed co-administrators, c. t. a. of his estate on or about March 29, 1960, by the Probate Court of the Town of Johnston, in the State of Rhode Island.

The specific taxes and the dates of the assessments thereof are stipulated by the parties to be as follows:

(1) Assessment of April 25, 1958 F.U.T.A. tax-year 1957     $ 2.23

(2) Assessment of April 1, 1960 income tax withheld—second month of 1960     279.36

(3) Assessment of May 20, 1960 income tax withheld—third month of 1960 ... 110.02

(4) Assessment of October 7, 1960 decedent's income tax—year 1958 ... 474.17

(5) Assessment of October 7, 1960 decedent's income tax—year 1959 ... 22.07

(6) Assessment of February 3, 1961—penalty assessment against decedent as the responsible officer of Molding Corporation of America—for income taxes not withheld—first and second quarters of 1958 and third to eleventh month, both inclusive, of 1959 ... 8,831.33

_____

$9,719.18

The parties have stipulated that interest and penalties are not included in the aforesaid sum of $8,831.33, the amount of said assessment made on February 3, 1961. No question as to the validity or amount of any of said assessments is raised by the defendants.

The parties have also stipulated that pursuant to the statutory law of Rhode Island the first notice to creditors of the estate of said Robert G. Holt was published in the Providence Journal on April 13, 1960; that the period for filing claims against said estate provided under the provisions of Section 33–11–5 of the General Laws of Rhode Island, 1956, expired on October 13, 1960; that the plaintiff failed to file any of its claims for said taxes, except its claim for items (2) and (3) listed above, within the time prescribed by the provisions of said Section 33–11–5; that thereafter plaintiff by its duly authorized officer, on or about January 13, 1961, filed in said Probate Court of the Town of Johnston a petition for leave to file out of time its claims for all of said taxes, pursuant to the provisions of said section; that said petition was heard and denied by said Probate Court on February 16, 1961, and a decree denying said petition was duly entered; and that, although plaintiff had a right to appeal from said decree, it failed to do so.

The parties have further stipulated that the estate of Robert G. Holt was insolvent at the time of his death and still remains insolvent. The instant action was commenced on August 15, 1962.

Plaintiff seeks judgment in its favor in the sum of $9,719.18, the amount of said assessments hereinbefore set forth, plus interest on said assessments as provided by law.

Defendants contend that plaintiff is barred from maintaining this action because it failed to take an appeal from the decree of said Probate Court denying its petition for leave to file its claims for the taxes involved herein after the expiration of the time prescribed by statutory law of Rhode Island for the filing of claims against the estates of decedents and because this action was not commenced within the period of limitations provided by Section 33–11–50 [1] of the General Laws of Rhode Island, 1956.

In support of this contention the defendants cite the cases of United States v. Muntzing, 1946, D.C.W.Va., 69 F.Supp. 503 and United States v. Pate, 1942, D.C. Ark., 47 F.Supp. 965. Although support for the defendants' contention is to be found in the opinions of those cases, I am of the opinion that it is authoritatively settled that whether the United States sues in its own courts or in state courts, it is not subject to or bound by local statutes of limitations. United States v. John Hancock Mutual Life

[1]. Section 33–11–50 reads as follows: "33–11–50. Limitations of actions by creditors of decedent.—No executor or administrator shall be held to answer to the suit of a creditor of the deceased, except to a suit on his bond or as is otherwise provided, unless such suit is commenced within two (2) years from the date of the said first publication and before any order of distribution has been made on the estate of the intestate."

Insurance Co., 1960, 364 U.S. 301, 81 S. Ct. 1, 5 L.Ed.2d 1; United States v. Summerlin, 1940, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; Phillips et al., Executors v. Commissioner of Internal Revenue, 1931, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; United States v. Rose, 1965, 3 Cir., 346 F.2d 985.

█ I conclude therefore that this action is not barred by the denial of said petition for leave to file said claims out of time or by the provisions of said Section 33–11–50 of the General Laws of Rhode Island, 1956.

Defendants, in the alternative, contend that in any event, the plaintiff is not entitled to recover interest on its claims for unpaid taxes after March 9, 1960, the date of the death of the decedent. They base this contention on the fact that his estate was at the time of his death and is still insolvent and rely upon the provisions of Section 33–11–34 of the General Laws of Rhode Island, 1956, which reads as follows:

"33–11–34. Interest on claims against insolvent estates.—In case of insolvent estates the commissioners shall allow interest to the death of the testator or intestate on claims drawing interest, and on claims not due at the decease of the testator or intestate they shall ascertain their value as of the date of the death of the decedent."

In my opinion this contention is without merit in view of the priority accorded to debts due the United States under the provisions of Title 31 U.S.C. § 191 which provides in pertinent part as follows:

"§ 191. Priority established

Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; * * * R.S. § 3466."

█ It is well settled that when any debtor is insolvent Congress by the enactment of said Section 191 has given priority to the payment of indebtedness owing to the United States. United States v. City of New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520; United States v. Waddill, Holland & Flinn, Inc., 1944, 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294. It is likewise well settled that taxes due the United States are *debts* within the meaning of said section. United States v. Waddill, Holland & Flinn, Inc., supra; United States v. State of Texas, 1941, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356; People of State of New York v. Maclay, 1933, 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754; Spokane County v. United States, 1929, 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621; Price v. United States, 1926, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373.

█ Although the priority of the claims of the United States for taxes cannot be limited or subordinated by local laws, I do not think it follows that the plaintiff is entitled, as it claims, to interest on its several claims for taxes from the dates of their respective assessments to the date of the entry of a judgment in this case.

██ It may be fairly said that since the decedent's estate has always been and is insolvent, the proceeding for its settlement is "akin to a proceeding in bankruptcy". United States v. Saxe, 1958, 1 Cir., 261 F.2d 316. The general rule in bankruptcy and in equity receiverships and insolvency proceedings is that interest ceases to accrue on the debtor's obligations at the beginning of the proceedings. City of New York v. Saper, 1949, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710; Vanston, etc., Committee v. Green, 1946, 329 U.S. 156, 67 S.Ct. 237, 91 L. Ed. 162; Sexton v. Dreyfus, 1911, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244; Thomas v. Western Car Co., 1893, 149 U.S. 95, 13 S.Ct. 824, 37 L.Ed. 663; United States v. Kalishman, 1965, 8 Cir., 346 F.2d 514; United States v. Bass, 1959, 9 Cir., 271 F.2d 129.

In Thomas v. Western Car Co., supra, the Supreme Court said at pages 116

and 117, of 149 U.S., at page 833 of 13 S.Ct.:

"As a general rule, after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds. The delay in distribution is the act of the law; it is a necessary incident to the settlement of its estate."

■ While there are two well recognized exceptions to this general rule, neither has any application to the instant controversy. I see no valid reason why this general rule, based upon equitable considerations, should not be applied here. The case of Bruning v. United States, 1964, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772, upon which plaintiff relies to support its contention that it is entitled to interest to the date of the entry of judgment herein is in my opinion clearly distinguishable on its facts. That case concerned the debtor's personal liability for post-petition interest on a debt for taxes which survived bankruptcy to the extent that it was not paid out of the estate. The Supreme Court held that the traditional rule denying post-petition interest as a claim against the bankruptcy estate did not discharge the debtor from personal liability for such interest and sustained its collection from assets of the debtor acquired by him after his discharge in bankruptcy and after the distribution of the bankruptcy estate.

As hereinbefore recited, it is undisputed that plaintiff did file with said Probate Court of the Town of Johnston, within the statutory period for the filing of claims, its claim against the decedent's estate in the amount of $392.37 covering the aforesaid assessments of April 1, 1960 and May 20, 1960. Said claim was not disallowed by the defendants, and, as a result, stands as an allowed claim against the estate of the decedent which the defendants as co-administrators c. t. a. must pay out of the assets of said estate in their hands and possession. Under the circumstances, the amounts of said assessments should not be included in any judgment to be entered herein.

I find and conclude that the plaintiff is entitled to judgment in its favor in the amount of $9,326.81, the amount of said other assessments hereinbefore set forth, together with interest as provided by law on the amount of each assessment from the date of such assessment to the date of the qualification of the defendants as co-administrators c. t. a. of the estate of said Robert G. Holt.

Counsel for the plaintiff will prepare and present for entry an appropriate judgment in accordance with the findings and conclusions hereinbefore set forth.