**LAPADULA & VILLANI, INC., Lapadula & Villani Equipment Corp., L & J Development Corp., Harlem River Rigging Corp., and Samuel A. Arutt, Plaintiffs,**

v.

**UNITED STATES of America, State of New York, Federal Deposit Insurance Corporation, Litton Industries, United Americas Bank & Trust Co., and New York State Department of Labor, Defendants.**

No. 77 Civ. 3908 (JES).

United States District Court,
S.D. New York.

May 23, 1983.

---

Arutt, Nachamie & Benjamin, New York City, for plaintiffs; Alex Spizz, New York City, of counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for defendant U.S. of America; David M. Jones, Asst. U.S. Atty., New York City, of counsel.

Ira L. Hyams P.C., Jericho, N.Y., for defendant Federal Deposit Ins. Corp.; Janet M. Connolly, Jericho, N.Y., of counsel.

Robert Abrams, Atty. Gen., State of N.Y., New York City, for defendant New York State Tax Com'n; David S. Cook, Asst. Atty. Gen., New York City, of counsel.

## OPINION & ORDER

SPRIZZO, District Judge.

Plaintiff corporations, Lapadula & Villani, Inc., Lapadula & Villani Equipment Corp. and Harlem River Rigging Corp., terminated their respective business operations and liquidated their assets.[1] The proceeds of the liquidations were insufficient to satisfy the claims of the corporations' creditors. Plaintiffs therefore deposited the proceeds of the liquidations (the proceeds of the three liquidations are hereinafter collectively referred to as the "Fund") and commenced this interpleader action seeking a distribution of the Fund on August 10, 1977. Plaintiffs also requested the imposition of a moratorium on the accrual of interest and penalties due various taxing authorities from and after August 18, 1976 on the grounds that the taxing authorities negligently and without due cause delayed authorizing the sale of plaintiffs' assets, thereby reducing the amounts realized and causing additional interest and penalties to accrue.

Six creditors claim an interest in the Fund. They include, *inter alia,* the United States, on behalf of the Internal Revenue Service ("IRS");[2] the Federal Deposit Insurance Corporation ("FDIC"), successor in interest to the claims of the Franklin National Bank, which seeks to recover on various security interests that it holds in certain of plaintiffs' equipment and other property; and the State of New York, which seeks to recover for various unpaid state taxes.

---

1. The liquidations yielded $189,428.32, $61,-914.42 and $19,613.66 respectively.

2. As of January 31, 1982, the claims by the IRS against the plaintiffs for unpaid taxes amounted to $208,921.32 from Lapadula & Villani, Inc., $3,547.77 from Lapadula & Villani Equipment Corp. and $24,501.02 from Harlem River Rigging Corp. The IRS also seeks statutory interest and penalties.

The IRS has moved for summary judgment contending that it is entitled to an absolute priority over all other creditors pursuant to 31 U.S.C. § 191. It also has moved to dismiss that portion of plaintiffs' complaint which seeks the imposition of a moratorium. The FDIC, in response to the IRS's motion for summary judgment, argues that it is likewise entitled to a priority under section 191.

■ Section 191 provides that, whenever any person indebted to the United States is insolvent and commits an act of bankruptcy, the debts due the United States shall be satisfied first. The statute was enacted to insure that adequate public revenues would be available to shoulder public burdens and to discharge public debts. *United States v. Emory,* 314 U.S. 423, 426, 62 S.Ct. 317, 319, 86 L.Ed. 315 (1941).

■ Plaintiff corporations are indebted to the United States by virtue of their unpaid federal taxes and are insolvent in that their assets are insufficient to satisfy their debts. *See United States v. Oklahoma,* 261 U.S. 253, 260, 43 S.Ct. 295, 297, 67 L.Ed. 638 (1923); *United States v. Press Wireless, Inc.,* 187 F.2d 294, 295–96 (2d Cir. 1951). Moreover, the parties conceded at oral argument that each of the three plaintiff corporations has committed the requisite act of bankruptcy.[3] The Court, therefore, finds that the IRS is clearly entitled to the absolute priority granted by the statute.

■ While the FDIC asserts that it too is entitled to an absolute priority since it is a federal agency entrusted with the implementation of the National Banking Act, the Court does not agree. The Supreme Court has held that section 191 may not be invoked by an agency which is not an integral part of the governmental mechanism. *See Sloan Shipyards Corp. v. United States Shipping Board Emergency Fleet Corp.,* 258 U.S. 549, 570, 42 S.Ct. 386, 389, 66 L.Ed. 762 (1922). *See also SBA v. McClellan,* 364 U.S. 446, 449, 81 S.Ct. 191, 194, 5 L.Ed.2d 200 (1960); *USDA v. Remund,* 330 U.S. 539, 542, 67 S.Ct. 891, 892, 91 L.Ed. 1082 (1947). The FDIC's profits do not inure to the benefit of the United States and its losses are not borne by the United States. Thus, the public treasury will be unaffected by the FDIC's success or failure in recovering the debts owed to it as successor in interest to the claims of the Franklin National Bank. It follows that the FDIC is not an integral part of the governmental mechanism but is rather a separate legal entity serving essentially a proprietary rather than a sovereign function. Since the purpose of the statute would not be served by permitting the FDIC to invoke the provisions of § 191, the Court concludes that the FDIC is not entitled to an absolute priority.[4]

There remains for consideration the IRS's motion to dismiss that portion of plaintiffs' complaint which seeks the imposition of a moratorium on the accrual of interest and penalties after August 18, 1976. Plaintiffs' request for a moratorium may be viewed either as a request for a declaration with respect to federal taxes or as a demand that the collection of said taxes be restrained. In either case, the Court lacks jurisdiction to grant such relief.

■ The Declaratory Judgment Act, 28 U.S.C. § 2201, expressly provides that a Court may not declare the rights and other legal relations of interested parties where federal taxes are in issue,[5] *see Bob Jones University v. Simon,* 416 U.S. 725, 732–33 n. 7, 94 S.Ct. 2038, 2044 n. 7, 40 L.Ed.2d 496 (1974); *Falik v. United States,* 343 F.2d 38, 42 (2d Cir.1965). Moreover, the Anti-Injunction Act, 26 U.S.C. § 7421, expressly prohibits suits to restrain the assessment or

---

3. The acts of bankruptcy committed by the plaintiffs include failure to discharge liens lodged against them by creditors.

4. The FDIC relies upon *In re Big 'D'iscount Stores, Ltd.,* 2 B.C.D. 1073 (Bkrtcy.Ct.Col.Div. S.C.1976), which held that the FDIC is an agency of the United States entitled to a section 191 priority. To the extent that the case supports the FDIC's position, this Court declines to follow it.

5. The one exception to this proscription is cases brought under § 7428 of the Internal Revenue Code of 1954. This is not a case commenced pursuant to that statute.

collection of taxes. *See Commissioner v. Shapiro,* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Laino v. United States,* 633 F.2d 626, 629 (2d Cir.1980). Finally, the United States has not consented to waive its sovereign immunity with respect to plaintiffs' claim for a moratorium.[6] Accordingly, the IRS's motion to dismiss this claim is granted.

Since the IRS is entitled to a priority pursuant to 31 U.S.C. § 191, and since its tax claims against Lapadula & Villani, Inc. and Harlem River Rigging Corp. exceed the proceeds of their respective liquidations, the IRS is entitled to their allocable shares of the Fund. With regard to Lapadula & Villani Equipment Corp., the IRS is entitled to $3,547.77 in back taxes, plus statutory interest and penalties accrued to August 10, 1977.[7] Of the approximately $58,000 remaining in Lapadula & Villani Equipment Corp.'s allocable share of the Fund, the Court observes that the FDIC and New York State have agreed that the New York State Tax Commissioner shall be entitled to $24,400 prior to satisfaction of the FDIC's debt. [FDIC's] Memorandum of Law in Reply to New York State Tax Commission's Affidavit and Alex Spizz's Affirmation in Support of Attorneys' Fees at 3.

All parties are directed to advise the Court by June 15, 1983 whether there is any dispute regarding the distribution of the remaining funds attributable to Lapadula & Villani Equipment Corp.

SO ORDERED.

---

**6.** While the United States has waived its sovereign immunity with respect to interpleader suits or suits in the nature of interpleader, 28 U.S.C. § 2410(a)(5), plaintiffs' claim for a moratorium is neither an action in interpleader, nor an action in the nature of interpleader. The Second Circuit has squarely held that § 2410 cannot be used by taxpayers to circumvent the express prohibitions in IRC § 7421 and 28 U.S.C. § 2201. *Laino v. United States,* 633 F.2d at 633 n. 8; *Falik v. United States,* 343 F.2d 38, 40 (2d Cir.1965).

**7.** The Court observes that in insolvency proceedings governed by § 191, interest payable from the estate of the insolvent ceases to accrue on the date the petition is filed. *United States v. Sullivan,* 254 F.Supp. 254, 256 (D.R.I. 1966).