**UNITED STATES of America, Plaintiff,**

v.

**NEW YORK INSURANCE DEPARTMENT, Defendant.**

**No. 83 Civ. 6548(CES).**

United States District Court, S.D. New York.

Oct. 10, 1986.

U.S. Atty. by Richard W. Mark, Asst. U.S. Atty., for U.S.

Townley & Updike by Richard R. Lutz, New York City, for defendant.

**28**

## MEMORANDUM DECISION

STEWART, District Judge:

This action was commenced by the United States to enforce and foreclose a federal tax lien arising out of an assessment of federal tax liability against Northumberland Insurance Co., Ltd. ("Northumberland") upon a fund held by defendant New York Insurance Department. Alternatively, the action seeks to recover a debt due to the United States pursuant to 31 U.S.C. § 3713(a). The government now moves for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

## BACKGROUND

Northumberland was an insurance company which became insolvent in 1974. Defendant is conservator of Northumberland's property in New York. According to an affidavit filed by a conservation manager of defendant, seventy-six parties other than the government have filed claims amounting to almost $3,000,000 in Northumberland's insolvency proceeding. Approximately $600,000 in claims have been paid by the conservator thus far. The amount of the remaining trust being conserved by defendant is nearly $700,000.

On February 19, 1981, a judgment in favor of the United States was entered against Northumberland in the United States District Court for the District of New Jersey ("the New Jersey judgment") in the amount of $114,873.63. *See United States v. Northumberland Insurance Co., Ltd.*, 521 F.Supp. 70 (D.N.J.1981). The judgment consisted of assessed, unpaid excise tax in the amount of $72,274.45, statutory interest totaling $42,311.66, and interest of $23.96 per day from February 7, 1981 to the date of entry of judgment, February 19, 1981. The judgment stated that "by virtue of its tax assessments, the United States has liens on all property and rights to property of Northumberland Insurance Co., Ltd."

The New Jersey judgment also provided that a fund held by the New Jersey Insurance Commissioner was to be paid to the United States in partial satisfaction of the

federal tax lien. Subsequently, $32,811.21 was paid by the Insurance Commissioner, leaving an outstanding amount of $82,062.42.

In this action, the government seeks to collect the unpaid balance of Northumberland's tax liability from defendant. Defendant has conceded liability for the remaining principal amount of the assessed tax as well as for the interest accrued prior to Northumberland's insolvency. Thus, the only issue before us is whether the post-insolvency interest should be awarded to the government as well.

## DISCUSSION

Defendant argues that the government should not have priority over other creditors with respect to that portion of the New Jersey judgment that consists of post-insolvency interest. Relying on *In re Pavone Textile Corp.*, 302 N.Y. 206, 213, 97 N.E.2d 755, 757 (1951), *aff'd*, 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682 (1952), *Lapadula & Villani, Inc. v. United States*, 563 F.Supp. 782, 785 (S.D.N.Y.1983), and *United States v. Sullivan*, 254 F.Supp. 254, 256–57 (D.R.I.1966), defendant asserts that the award of post-insolvency interest would violate the general common law rule that a creditor cannot collect post-insolvency interest. Defendant also asserts that such an award would violate N.Y.Ins.Law § 7434. Section 7434 provides in pertinent part that upon distribution of assets, "[n]o creditor shall be entitled to interest on any dividend by reason of delay in payment of such dividend." As the government itself states, the "rule promotes fair distribution of an insolvent's assets by requiring the payment of creditors' principal claims first and allowing post-insolvency interest only when the assets are sufficient to pay it."

The government contends, however, that the rule against post-insolvency interest is inapplicable here, because the amount sought does not include any post-insolvency interest. The government points out that when it collected the $32,811.21 from the New Jersey Insurance Commissioner pursuant to the New Jersey judgment, the Internal Revenue Service

("IRS"), in its discretion, applied the sum to the post-insolvency accrued interest. We agree that the government was free to allocate the payment for the postinsolvency interest as it wished. "When taxes have been forcibly collected ... the taxpayer has no say in allocation of the monies to past due taxes.... the IRS [is] free to apply the funds in whatever manner [will] best facilitate collection of taxes." *Pike v. United States*, 723 F.2d 232, 233 (2d Cir.1983); *see also United States v. De Beradinis*, 395 F.Supp. 944, 952 (D.Conn.1975), *aff'd mem.*, 538 F.2d 315 (2d Cir.1976).

The government asserts, and defendant does not dispute, that the interest accrued after Northumberland became insolvent totals, at most, $31,520.61. Thus, the $32,-811.21 collected from the New Jersey Insurance Commissioner fully covers the post-insolvency interest component of the judgment, leaving an unsatisfied balance consisting only of principal and pre-insolvency interest.

 While acknowledging the res judicata effect of the New Jersey judgment, defendant contends that the fact that the government's claim was reduced to judgment does not entitle it to priority over other eligible claims in all respects. Defendant argues that "the New Jersey Court was not asked to, and did not, adjudicate the issue of priority of the government claim in relation to the claims of other creditors." However, the doctrine of res judicata precludes the parties or their privies from relitigating issues that were or *could have been* raised in the previous action. *Federal Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). Under the New Jersey judgment, the IRS has the right to collect the full amount of statutory interest from the "property and rights to property" of Northumberland. Therefore,

the award of post-insolvency interest is not now subject to attack by defendant.[1]

 Accordingly, the government's motion for judgment on the pleadings is granted. The federal tax lien shall be enforced against the fund held by defendant in the amount of $82,062.42.[2] Plaintiff may submit a judgment.

SO ORDERED.

---

**1.** In addition, the *Lapadula, Sullivan,* and *Pavone* cases relied on by defendant are inapposite, because all involved an initial determination by a court as to whether post-insolvency interest would be allowed against a debtor. They did not involve claims which had been previously reduced to judgment.

**2.** Defendant is also liable under the insolvency statute, 31 U.S.C. § 3713, which provides that a claim of the United States government shall be paid first when a person indebted to the government is insolvent and an act of bankruptcy is committed.