FAY, Senior Circuit Judge,
concurring specially:
I concur in the result finally reached in this matter, which is an affirmance of the rulings made by the bankruptcy court and the district court. I continue to dissent from the abolishment of the “Rule of Explicitness” announced by the majority in Southeast I, 156 F.3d 1114 (11th Cir.1998) for the reasons stated. My dissent is reinforced by the opinion of the State of New York Court of Appeals, which states:
The 1978 revisions to the Bankruptcy Code did not change the general rule that creditors are not entitled to post-petition interest. Thus, considerations underlying the Rule of Explicitness survive. Indeed, they echo the policies underlying Matter of Pavone Textile Corp. v. Bloom (302 N.Y. 206, 97 N.E.2d 755, aff'd 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682).
In re Matter of Southeast Banking Corp., 93 N.Y.2d 178, 688 N.Y.S.2d 484, 710 N.E.2d 1083 (N.Y.1999).
The Rule of Explicitness is a sound, long-established rule and Congress has not explicitly eliminated it. The Rule has been relied upon by those in the financial world. It’s abolishment can have enormous consequences. I, therefore, most respectfully, urge the en banc court to consider this issue when appropriate.[1]

. Since the Appellees-Truslees have prevailed in this matter, I recognize the difficulty of a prevailing party petitioning for en banc consideration.